UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
UNITED STATES OF AMERICA,

                           Plaintiff,                                  <u>REPORT AND
RECOMMENDATION</u>

  -against-

                                                                               CV 10-0140 (ADS) (ETB)

JULIE A. SACCENTE
a/k/a JULIE ANN SACCENTE,

                           Defendant.
------------------------------------------------------------------x

TO THE HONORABLE ARTHUR D. SPATT, United States District Judge:

      In a Complaint filed on January 13, 2010, the plaintiff, the United States of America ("plaintiff" or the "Government"), alleges that the defendant, Julie A. Saccente, also known as Julie Ann Saccente ("defendant" or "Saccente"), failed to repay a student loan that she borrowed in 2004. (Compl. ¶ 3 and Ex. A, annexed thereto.) The Government seeks to recover the unpaid balance of the principal amount of the loan - $34,397.24 - as well as interest and the costs of this action.

      Saccente failed to answer or otherwise appear in this action. On March 4, 2010, the Government moved for a default judgment. The Clerk of the Court certified Saccente's default on March 5, 2010 and a default judgment was issued by Judge Spatt on September 7, 2010. The matter was referred to the undersigned to report and recommend as to the amount of damages to be awarded to the Government, including reasonable costs.

FACTS

An inquest before the undersigned was held on January 25, 2011. The defendant did not appear. In support of its damages, the Government called Alberto Francisco to testify, a loan analyst with the United States Department of Education ("Department of Education"), who appeared by telephone.

As the Certificate of Indebtedness submitted into evidence at the inquest demonstrates, and Mr. Francisco testified, on March 27, 2004, Saccente applied for a student loan from the Department of Education, through the William D. Ford Federal Direct Loan Program. (Pl. Ex. 2.) Saccente executed a promissory note for the student loan on March 27, 2004. (Pl. Ex. 1.)

The loan was disbursed in four installments throughout 2004 and 2005. (Pl. Ex. 2.) The scheduled repayment date began on June 22, 2006. (Francisco Decl. ¶ 13.) Saccente defaulted on her repayment obligation on April 10, 2007 and the loan was thereafter transferred to the Department of Education for collection. (Pl. Ex. 2.)

DISCUSSION

I.  Legal Standard

When a party fails to appear or defend an action by an adverse party, a default may be entered against the non-appearing party. See Fed. R. Civ. P. 55. "While a party's default is deemed to constitute a concession of all well-pleaded allegations of liability, it is not considered an admission of damages." Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp., 973 F.2d 155, 158 (2d Cir. 1992) (citations omitted). Rather, damages must be proven, usually "in an evidentiary hearing in which the defendant has an opportunity to contest the amount" claimed.

Id. Plaintiff is "entitled to all reasonable inferences" from the evidence it offers. Au Bon Pain Corp. v. Artect, Inc., 653 F.2d 61, 65 (2d Cir. 1981).

II.     Calculation of Damages

Pursuant to Title IV-B of the Higher Education Act of 1965, 20 U.S.C. §§ 1071 et seq., where a student loan borrower default on her repayment, the Secretary of Education (the "Secretary") is authorized to pay to the lender the amount of the loss sustained on the student loan and is thereafter subrogated to the rights of the lender for purposes of seeking to recover on the defaulted student loan from the borrower. See 20 U.S.C. § 1080. The "amount of loss" on any loan equals the "unpaid balance of the principal amount" as well as accrued interest. Id. § 1080(a). The Secretary is also authorized to recover its reasonable costs associated with the collection of the defaulted loan. See id. § 1080(b).

The evidence admitted during the inquest held before the undersigned demonstrates that on or about March 27, 2004, Saccente executed a promissory note to secure a student loan in the amount of $33,313.00. (Pl. Ex. 2.) That loan was disbursed in four installments of $8,628.00, $8,628.00, $7,658.00 and $8,399.00. (Pl. Ex. 2.) Saccente defaulted on her repayment obligation on or about April 10, 2007. (Pl. Ex. 2.) As a result, pursuant to 34 C.F.R. § 685.202(b), a total of $1,084.24 in unpaid interest was capitalized and added to the outstanding principal balance. (Pl. Ex. 2.) As demonstrated by the Certificate of Indebtedness prepared by the Department of Education with respect to Saccente, $34,397.24 remains due and owing and

the Government is entitled to damages in that amount.[1] (Pl. Ex. 2.)

Accordingly, I recommend that the Government be awarded damages in the amount of $34,397.24.

III. Interest

As stated above, the "amount of loss" on any defaulted student loan includes interest that has been accrued on the principal unpaid balance. Here, the loan Saccente borrowed was subject to a variable interest rate that changed on the first day of July each year. (Pl. Ex. 3.) As of September 23, 2010, the date of Mr. Francisco's declaration, the amount of interest due and owing was $6,133.85. (Francisco Decl. ¶ 15.) The current interest rate applicable to Saccente's student loan is 2.47% per annum, applied to the outstanding principal loan balance of $34,397.24. (Pl. Ex. 2.) When calculated on a per diem basis, interest is accruing at a rate of $2.33 per day. (Pl. Ex. 2.)

From September 23, 2010 through the date of this Report and Recommendation, an additional $319.21 in interest has accrued.[2] Accordingly, I recommend that the Government be awarded interest in the amount of $6,453.06, plus additional interest, to be calculated at a rate of $2.33 per day through the date of judgment entered herein.

---

[1] A total of $1,571.34 was collected from Saccente through an Administrative Wage Garnishment. (Francisco Decl. ¶ 14.) Of that amount, $1,265.26 was applied to outstanding interest and $306.08 was applied to fees. (Id.) Accordingly, the garnishment funds collected did not decrease the outstanding principal in any way.

[2] This figure was calculated by multiplying the number of days between September 23, 2010 and today, February 7, 2011 - 137 days - by the daily interest rate of $2.33 per day, which amounts to $319.21.

IV. <u>Post-Judgment Interest</u>

28 U.S.C. § 1961 states that "[i]nterest shall be allowed on any money judgment in a civil case recovered in district court." 28 U.S.C. § 1961(a). "Such interest shall be calculated from the date of entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment." <u>Id.</u> This interest is to be "computed daily to the date of payment." <u>Id.</u> § 1961(b).

"Post-judgment interest serves as a means to 'compensate the successful plaintiff for being deprived of compensation for the loss from the time between the ascertainment of the damage and the payment by the defendant.'" <u>Westinghouse Credit Corp. v. D'Urso</u>, 371 F.3d 96, 101 (2d Cir. 2004) (quoting <u>Kaiser Aluminum & Chem. Corp. v. Bonjorno</u>, 494 U.S. 827, 835-36 (1990)). The very language of 28 U.S.C. § 1961 ensures that an award of post-judgment interest is mandatory in any civil case where money damages are recovered. <u>See</u> 28 U.S.C. § 1961(a) (stating that "[i]nterest <u>shall</u> be allowed") (emphasis added); <u>see also</u> <u>Westinghouse</u>, 371 F.3d at 100 (stating that "[t]here is no question but that the post-judgment interest awarded in this case was mandatory under § 1961"); <u>Lewis v. Whelan</u>, 99 F.3d 542, 545 (2d Cir. 1996) ("The award of post-judgment interest is mandatory on awards in civil cases as of the date judgment is entered."). Accordingly, I recommend that the Government be awarded post-judgment interest on its monetary award, to be calculated pursuant to 28 U.S.C. § 1961.

V. <u>Costs</u>

As stated <u>supra</u>, the Government is entitled to recover its reasonable costs incurred in

bringing the within action. As per counsel's representation at the inquest held on January 25, 2011, the only costs the Government seeks to recover is the filing fee of $350 and a process server fee of $50. Counsel for the Government confirmed at the inquest that they are not seeking attorney's fees. Accordingly, I recommend that the Government be awarded costs in the amount of $380.00

### RECOMMENDATION

For the foregoing reasons, and based on the evidence submitted, the undersigned recommends that the Government be awarded damages as follows: (1) the unpaid principal balance of the student loan borrowed in the amount of $34,397.24; (2) interest through February 7, 2011 in the amount of $6,453.06, plus additional interest through the date of judgment, to be calculated at a rate of $2.33 per day; (3) post-judgment interest, to be calculated pursuant to 28 U.S.C. § 1961; and, (4) costs in the amount of $380.00, for a total monetary award of $41,230.30, plus additional pre-judgment and post-judgment interest.

### OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Any written objections to this Report and Recommendation must be filed with the Clerk of the Court, with a copy to the undersigned, within fourteen (14) days of service of this Report. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 72(b). Any requests for an extension of time for filing objections must be directed to the district judge assigned to this action prior to the expiration of the fourteen (14) day period for filing objections. Failure to file objections within fourteen (14) days will preclude further appellate review. Thomas v. Arn, 474 U.S. 140, 145

(1985); <u>IUE AFL-CIO Pension Fund v. Herrmann</u>, 9 F.3d 1049, 1054 (2d Cir. 1993); <u>Frank v. Johnson</u>, 968 F.2d 298, 299-300 (2d Cir. 1992).

**SO ORDERED:**

Dated: Central Islip, New York
   February 7, 2011

              /s/ E. Thomas Boyle
              E. THOMAS BOYLE
              United States Magistrate Judge